UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH SCHIEBEL,

                          Plaintiff,

-against-                                        1:22-CV-1109 (LEK/DJS)

SCHOHARIE CENTRAL SCHOOL DISTRICT, *et al.*,

                          Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.**      **INTRODUCTION**

On October 26, 2022, Plaintiff Keith Schiebel filed a complaint against Defendants Schoharie Central School District, Kristen DuGuay, and David Blanchard, alleging gender bias in violation of Title IX and various state torts. Dkt. No. 1 ("Complaint"). Defendants filed a motion to dismiss, and on June 30, 2023, the Court granted the motion in its entirety. Dkt. No. 16 ("June Order"). The Court dismissed Plaintiff's Title IX claim on the merits and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.*

Plaintiff appealed. Dkt. No. 18. On November 26, 2024, the Second Circuit reversed this Court's judgment insofar as it dismissed Plaintiff's Title IX claim, and vacated this Court's judgment insofar as it dismissed Plaintiff's state tort claims. Dkt. No. 22. The Second Circuit then remanded the action for further proceedings. *Id.*

Now before the Court is Defendants' motion to dismiss Plaintiff's state tort claims. Dkt. No. 28. Defendants filed a memorandum of law in support of their motion. Dkt. No. 28-5 ("Motion"). Plaintiff filed a response, Dkt. No. 31 ("Response"), and Defendants replied, Dkt. No. 32. For the reasons that follow, Defendants' Motion is granted in part and denied in part.

## II.      BACKGROUND

The Court assumes familiarity with the factual background of this case as detailed in the June Order. *See* June Ord. at 1–5.

## III.     LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id.* at 679.

## IV. DISCUSSION

Defendants move to dismiss Plaintiff's claims of (1) tortious interference with contract, (2) negligent infliction of emotional distress, and (3) reckless and wanton misconduct. *See* Mot. at 4–7. First, they argue that all three state tort claims are time-barred. *Id.* at 4–5. Then, they argue that the tortious interference claim and the reckless and wanton misconduct claim fail on their merits. *Id.* at 5–7.

At the outset, the Court notes that "[i]f a court has original jurisdiction, it may exercise supplemental jurisdiction over 'all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" June Ord. at 14 (quoting 28 U.S.C. § 1367(a)). The Court elects to exercise its supplemental jurisdiction here.

### A. Plaintiff's tort claims are not time-barred.

Defendants argue that Plaintiff's tort claims are time-barred. Mot. at 4–5. The Court disagrees. "[W]here tort claims are asserted against a school district, board of education, or 'any teacher or member of the supervisory administrative staff or employee,' the applicable limitations period is 'one year and ninety days after the happening of the event upon which the claim is based.'" *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 370 (W.D.N.Y. 2010) (quoting N.Y. Educ. Law § 3813(2); N.Y. Gen. Mun. Law § 50-i(1)); *cf. Bey v. Westbury Union Free Sch. Dist.*, No. 21-CV-2048, 2022 WL 900615, at *5 (E.D.N.Y. Mar. 28, 2022) (noting that N.Y. Educ. Law § 3813(2-b) sets a *one-year* limitations period for *non-tort* claims).

Here, Plaintiff brings tort claims against Defendants, so the appropriate limitations period is one year and ninety days. *See Carlson*, 679 F. Supp. 2d at 370. Viewed in the light most favorable to Plaintiff, the latest act of allegedly tortious conduct took place on August 30, 2021. Compl. ¶ 165; *see* Mot. at 4. The Complaint in this action was filed on October 26, 2022, less

3

than one-year and ninety-days later. *See* Dkt. No. 1. Accordingly, the Court finds that Plaintiff's tort claims are not time-barred.[1]

### B. Plaintiff's tortious interference claim is dismissed.

In the Complaint, Plaintiff alleges that "Defendants purposely and wrongfully disrupted the contractual relationship that existed" between Plaintiff and the New York State Maple Producers Association ("MPA"). Compl. ¶ 184. Defendants argue that this claim must be dismissed because "Plaintiff does not allege that there was a breach of his contract by MPA," and in the absence of a breach, Plaintiff fails to state a claim. Mot. at 5.

Under New York law, a tortious interference with a contract claim requires "[1] the existence of a valid contract between the plaintiff and a third party, [2] defendant's knowledge of that contract, [3] defendant's intentional procurement of the third-party's breach of the contract without justification, [4] actual breach of the contract, and [5] damages resulting therefrom." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 126–27 (2d Cir. 2019) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (N.Y. 1996)). "Failing to allege breach of contract is fatal to a tortious interference claim." *Synca Direct, Inc. v. Scil Animal Care Co.*, No. 15-CV-794, 2015 WL 5970938, at *3 (N.D.N.Y. Oct. 14, 2015).

Here, Plaintiff alleges in conclusory fashion that Defendants "purposefully and wrongfully disrupted the contractual relationship that existed" between Plaintiff and MPA. Compl. ¶ 184. Plaintiff does not identify which, if any, terms of a contract were breached; he only alleges that Defendants' conduct caused his contractual relationship with MPA to be

---

[1] Defendants do not provide additional grounds for dismissal with respect to Plaintiff's negligent infliction of emotional distress claim. Accordingly, this claim survives.

terminated. *Id.* ¶ 185. Absent any allegation that terms of a contract were violated, the Court cannot find that any breach occurred.

Plaintiff argues that even in the absence of an actual breach, he properly stated a claim because Defendants' actions "rendered performance of the contract impossible." Resp. at 6. However, the allegations in the Complaint do not support a finding that Defendants' conduct made it impossible for Plaintiff to perform any contract with the MPA. To the extent that Plaintiff describes his contractual relationship with MPA in the Complaint, he explains that in addition to "educat[ing] thousands of students and participants," Plaintiff also "wrote all grants that funded [MPA's Mobile Mable Experience ("MME")], personally advocated to state legislators to secure MME funding, solicited business and industry contributions, designed and constructed the exhibit itself, created the [budget], developed an on-line scheduling template for MME, [and] contacted literally hundreds of educators and state lawmakers to schedule MME visits." Compl. ¶ 60. Plaintiff does not allege, nor can the Court infer, that Defendants' conduct rendered these other obligations impossible to perform.

Accordingly, Defendants' Motion with respect to Plaintiff's tortious interference claim is granted. Plaintiff's claim is dismissed.

### C. Plaintiff's reckless and wanton misconduct claim is dismissed.

Plaintiff alleges that Defendants engaged in wanton and reckless misconduct when they "breached their duty of care to protect Plaintiff from discrimination on the basis of his gender" and "unfairly den[ied] him fair process." Compl. ¶ 196–97. Defendants argue that "reckless and wanton misconduct" is not a distinct cause of action in New York, and "[t]o the extent that Plaintiff attempts to cast this cause of action as one sounding in negligence, he has failed to cite

any authority that would permit him to base a negligence claim upon a purported violation of Title IX." Mot. at 6.

Defendants are correct that "reckless and wanton misconduct" is not a distinct cause of action in New York. *See* Mot. at 6. But even if the Court were to construe Plaintiff's claim to be one of negligence based upon Defendants' reckless and wanton misconduct, the claim fails. To state a claim for negligence in New York, a plaintiff must allege, *inter alia*, that the defendant owed the plaintiff a duty of care. *See Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015). "If the defendant owes no duty to the plaintiff, the action must fail." *Id.*

Here, Plaintiff argues that Defendants owed Plaintiff a duty of care to protect Plaintiff from discrimination, to enforce the school district's policies and procedures equitably and fairly, and to uphold their obligations in a way that complied with due process and the school district's policies. Compl. ¶ 193–95. However, the Court finds that no legal duty of care exists. *See Doe v. Syracuse University*, 440 F. Supp. 3d 158, 181 (N.D.N.Y. 2020) (finding that the university had no duty of care to keep the plaintiff free from discrimination); *Noakes v. Syracuse University*, 369 F. Supp. 3d 397, 420–21 (N.D.N.Y. 2019) (rejecting the plaintiff's argument that the university owed the plaintiff a duty of care to manage a Title IX process in an "non-negligent manner and with due care"). Accordingly, even if the Court were to construe Plaintiff's reckless and wanton misconduct claim to be a negligence cause of action, the claim fails. Plaintiff's reckless and wanton misconduct claim is dismissed.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' motion to dismiss, Dkt. No. 28, is **GRANTED in part** with respect to Plaintiff's tortious interference with a contract claim and reckless and wanton misconduct claim; and it is further

**ORDERED**, that Defendants' motion to dismiss, Dkt. No. 28, is **DENIED in part** with respect to Plaintiff's negligent infliction of emotional distress claim; and it is further

**ORDERED**, that Plaintiff's tortious interference with a contract claim and reckless and wanton misconduct claim are **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 20, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge